IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| THE HALE FOUNDATION, INC., | |
| Petitioner and Plaintiff, | CIVIL ACTION FILE NO. 1:21-cv-00018-JRH-BKE |
| v. | |
| AUGUSTA-RICHMOND COUNTY, GEORGIA, et. al, | |
| Respondents in Certiorari and Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

COME NOW defendants Augusta-Richmond County, Georgia, Mayor Hardie Davis, Jr., and Commissioners William Fennoy, Dennis Williams, Mary Davis, Sammie Sias, Bobby Williams, Ben Hasan, Sean Frantom, Brandon Garrett, Marion Williams, and John Clarke individually and in their official capacities as members of the Augusta-Richmond County Commission of Commissioners (collectively, "Defendants"), pursuant to Rule 12(b)(6), hereby files this memorandum of law in support of their Motion to Dismiss. In support, Defendants respectfully show the Court as follows:

## I.   INTRODUCTION

This case arises from Defendants' alleged zoning decision to "deny[]" Plaintiff's application for a special exception to develop land as a mental health and substance use treatment center. (Doc. 1-2, ¶ 1.)  As a result of this purported denial, which Plaintiff contends was caused by the August-Richmond County Commission's decision to ignore the evidence submitted by the Plaintiff and instead only consider the discriminatory requests of the citizens in the area, Plaintiff

first filed a civil action for relief in the Superior Court of Richmond County, *The Hale Foundation, Inc. v. Augusta-Richmond County, Georgia, et al.*, Civil Action File Number: 2020RCCV00412 (hereinafter, the "Superior Court Action"). The Superior Court Action originally had a "reservation of federal claims" count until Plaintiff filed an amended complaint now alleging its federal claims. It is this Superior Court Action that has now been removed and is the present lawsuit before this Court.

As shown below, because the present lawsuit is duplicative of an already pending federal lawsuit filed by Plaintiff, this present lawsuit should be dismissed. If the Court determines a full dismissal is not in order, the Court has the power to remand the state law claims not subject to dismissal, as discussed below. Therefore, Defendants ask the Court to grant their Motion and dismiss Plaintiff's Amended Complaint.

## II.   STATEMENT OF FACTS

According to the factual allegations set forth in the Complaint, which are disputed but must be accepted as true for purposes of this motion,[1] Plaintiff owns a 20-acre property located at 3042 Eagle Drive in Augusta, Georgia. (Doc. 1-2, Amended Compliant, ¶¶ 1, 6.) In November 2019, Plaintiff filed an application for special exception with Defendants' planning department, seeking permission to use its property as a mental health and substance use treatment center. (*Id.* at ¶¶ 26, 27.) When Plaintiff's application for special exception was presented to Defendants' commissioners, the commissioners did not approve the application. (*Id.* at ¶ 30.) Plaintiff refers to

---

[1] In addressing this Rule 12(b) motion, the Court is required to accept as true all well-pleaded factual allegations in the plaintiff's Complaint. By reciting Plaintiff's factual allegations here, Defendants are not admitting the allegations are true.

this act of not approving the application as "a denial" of its application for special exception. (*Id.* at ¶ 33.)

Because of this, Plaintiff asserts state claims along with federal claims for violations of the FHA, ADA, RA, and Fifth and Fourteenth Amendments to the United States Constitution.

## III.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Standard for a Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This requirement is intended to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). When the sufficiency of a complaint is challenged on a Rule 12(b)(6) motion to dismiss, the court considers whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Rule 8(a)(2) demands more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint does not suffice if it tenders "naked assertions" devoid of further factual enhancement, or if it offers labels and conclusions or a formulaic recitation of the elements of a cause of action. *Id.* When a complaint is challenged under Rule 12(b)(6), it must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) ("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.").

**B.**     <u>**The Court Should Dismiss this Lawsuit Because it is Duplicative**</u>

Plaintiff currently has another federal lawsuit pending that is duplicative of this present lawsuit before the Court. Plaintiff previously brought *The Hale Foundation, Inc. v. Augusta, Georgia*, 1:20-cv-00144-JRH-KJE, on October 7, 2020 ("First Federal Lawsuit"). (*See* Ex. A, Complaint in First Federal Lawsuit.) In the First Federal Lawsuit, Plaintiff alleged Augusta, Georgia—the same defendants in this present lawsuit—violated the Fair Housing Act, Americans with Disabilities Act, Rehabilitation Act, and Fifth and Fourteenth Amendments. (*Id.*)

Before filing the First Federal Lawsuit however, Plaintiff filed the Superior Court Action on September 17, 2020, dealing with the same facts and situations as the First Federal Lawsuit. The Superior Court Action is now the present lawsuit, as it was removed to federal court once Plaintiff amended its complaint removing its original Count V—a count for reservation of its federal claims—and adding in language in the new Count V that Plaintiff now brings its federal claims. (Doc. 1-2, Amended Complaint, ¶ 74 ("Petitioner brings this count under the Fair Housing Act, 42 U.S.C. § 3601 ("FHA"), the Americans with Disabilities Act, 42 U.S.C. § 12102 ("ADA"), the Rehabilitation Act, 29 U.S.C. § 791, the Fifth and Fourteenth Amendments to the United States Constitution.").)

Because the First Federal Lawsuit and the present lawsuit are duplicative, the present lawsuit should be dismissed.[2] "It is well established that as between federal district courts the general principle is to avoid duplicative litigation." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793

---

[2] It is within the Court's power to dismiss the federal claims and remand the state claims back to state court. *See Toma v. Columbia Cty.*, No. CV 106-145, 2007 U.S. Dist. LEXIS 30096, at *2 (S.D. Ga. Apr. 20, 2007) ("In removed cases, if the district court declines to exercise supplemental jurisdiction under § 1367(c)(3), the remaining state-law claims should be remanded to state court.") (citing *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005)).

F.2d 1541, 1551 (11th Cir. 1986) (citations and quotations omitted). "Although no precise test has been articulated for making this determination that litigation is duplicative, the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions. Under those circumstances, we have recognized, federal courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." *Ga. ex rel. Olens*, 833 F.3d 1317, 1321 (11th Cir. 2016) (citations and quotations omitted).

Here, the First Federal Lawsuit is brought by the same plaintiff—The Hale Foundation, Inc.—against the same defendants—Augusta, Georgia—as in this present lawsuit. (*Compare* Ex. A, *with* Doc. 1-2.) Further, the claims in the First Federal Lawsuit are the same as the claims brought in the present lawsuit, less the state law claims, with all claims arising from Defendants' action in "depriv[ing] plaintiff of a special exception permit" regarding its property. (Ex. A, ¶ 6; *see* Doc. 1-2, ¶ 1.)

As spelled out by each count, in the First Federal Lawsuit, Plaintiff brings four counts:

- Count I, Violation of the Fair Housing Act

- Count II, Violation of the Americans with Disabilities Act

- Count III, Violation of the Rehabilitation Act

- Count IV, Violation of the Fifth and Fourteenth Amendments

(Ex. A.)

In this present lawsuit, Plaintiff brings six counts:

- Count I, Certiorari

- Count II, Mandamus

- Count III, Unconstitutional Taking

- Count IV, Arbitrary and Capricious Denial of Petitioner's Special Exception Application

- Count V, Federal Discrimination Claims

- Count VI, Attorney's Fees and Other Costs and Expenses of Litigation

(Doc. 1-2.)

Count V, in this present lawsuit, states that Plaintiff now brings its federal claims "under the Fair Housing Act, 42 U.S.C. § 3601 ("FHA"), the Americans with Disabilities Act, 42 U.S.C. § 12102 ("ADA"), the Rehabilitation Act, 29 U.S.C. § 791, the Fifth and Fourteenth Amendments to the United States Constitution." (Doc. 1-2, ¶ 74.) Therefore, all of Plaintiff's federal claims in this present lawsuit are duplicative of the claim in the First Federal Lawsuit, which are federal claims brought under the FHA, ADA, RA, and the Fifth and Fourteenth Amendments, less the state law claims.

Regarding the relief sought by Plaintiff, in both the First Federal Lawsuit and this present lawsuit, Plaintiff seeks declaratory relief that violations of the FHA, ADA, RA, and Fifth and Fourteenth Amendments have occurred, and preliminary and permanent injunctive relief, compensatory damages, and attorney's fees and costs. In this present lawsuit, Plaintiff seeks additional relief related to its state law claims, such relief includes declaratory relief that the Defendants' actions were in violation of its zoning ordinance, and arbitrary and capricious, and ask the court to enjoin and compel the issuance of the special exception for its property.

Here, the parties, issues, and relief compared between the First Federal Lawsuit and this present lawsuit are duplicative, less the state law claims and relief sought in this present lawsuit. Therefore, because the "parties, issues and available relief do not significantly differ between the two actions," the First Federal Lawsuit and the present lawsuit, the lawsuits are duplicative, and the present lawsuit should be dismissed. *Ga. ex rel. Olens*, 833 F.3d 1317, 1321 (11th Cir. 2016).

C.      **Plaintiff's Individual Claims Warrant Dismissal**

Even if the Court does not dismiss on the basis of that the present lawsuit is duplicative, the following reasons also warrant dismissal of the following individual claims by Plaintiff.

a.      **Plaintiff's Fifth Amendment Takings Claim is Not Plausible on its Face**

Regarding Plaintiff's federal takings claim under the Fifth Amendment, such a claim is not proper because no "taking" has occurred.

"The chief and one of the most valuable characteristics of the bundle of rights commonly called property is the right to sole and exclusive possession—the right to exclude strangers, or for that matter friends, but especially the Government." *Love Terminal Partners v. United States*, 97 Fed.Cl. 355, 371 (Fed. Cl. 2001) (internal quotations and citations omitted). The Takings Clause of the Fifth Amendment to the United States Constitution, incorporated against the States by the Fourteenth Amendment's Due Process Clause, was designed to protect this bundle of rights and provides that private property shall not "be taken for public use, without just compensation." U.S. CONST. AMEND. V. It is important to note that the Constitution does not prevent the government from ever taking private property. Rather, it prohibits the government from taking property without just compensation. *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194–95 (1985).

The Supreme Court has created two categories that are a per se takings when a government action, or regulatory action, occurs: "First, where government requires an owner to suffer a permanent physical invasion of her property. . . . A second categorical rule applies to regulations that completely deprive an owner of all economically beneficial use of her property." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 538 (2005) (internal citations and punctuation omitted). Courts are more likely to find a taking when the government has physically occupied the property as

opposed to when the government regulates the property in a manner that allegedly interferes with the owners use of the property. *Loretto v. Telepromter Manhattan CATV Corp.*, 458 U.S. 419, 426 (1982).

When an alleged taking falls outside of these two categories, such as here, "regulatory takings challenges are governed by the standards set forth in *Penn Central Transp. Co. v. New York City*, 438 U.S. 104 (1978). The Court in *Penn Central* . . . identified 'several factors that have particular significance.' Primary among those factors are 'the economic impact of the regulation on the claimant and, particularly, the extent to which the regulation has interfered with distinct investment-backed expectations.' In addition, the 'character of the governmental action'—for instance whether it amounts to a physical invasion or instead merely affects property interests through 'some public program adjusting the benefits and burdens of economic life to promote the common good'—may be relevant in discerning whether a taking has occurred." *Id.* at 538–39.

Here, Plaintiff has alleged in a conclusory fashion that "[t]he Commission's decision to deny the Special Exception Application is . . . in violation of the Just Compensation Clause of the Fifth Amendment . . . by denying Petitioner an economically viable use of its Property." (Doc. 1-2, ¶ 68.) Plaintiff, however, has not properly pled any facts which actually establish the economic impact of Defendants' action—the primary factor of *Penn Central*—and alleges that one sought use of the property has been prevented by Defendants' action. Plaintiff's allegations do not reasonably assert that it has been deprived of "all economically viable use" of the property. When examining the actions economic impact on the property owner, courts "compare the value that has been taken from the property with the value that remains in the property." *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 497, 107 S. Ct. 1232, 94 L. Ed. 2d 472 (1987). Importantly, "[n]ot every diminution in property value caused by a government regulation rises to

the level of an unconstitutional taking." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 451 (9th Cir. 2018). Here, Plaintiff has not alleged any specific diminution of value, therefore the first factor weighs heavily in favor of Defendant.

Secondly, the character of the governmental action at issue weighs against a finding of a regulatory taking because Plaintiff has not alleged a physical invasion. Rather, the Defendants' zoning ordinance, under which they made their decision, more closely resembles a "public program adjusting the benefits and burdens of economic life to promote the common good" since the public would benefit, in the Defendants' apparent view, by denial of the special exception permit. *Lingle*, 544 U.S. at 539. "Regulations that control development based on density and other traditional zoning concerns are the paradigm of this type of public program." *Quinn v. Bd. of County Comm'rs for Queen Anne's County, Md.*, 862 F.3d 433, 442 (4th Cir. 2017).

In summary, because Plaintiff has not alleged "regulatory actions that are functionally equivalent to the classic taking," *Lingle*, 544 U.S. at 539, Plaintiff's Fifth Amendment takings claim is subject to dismissal.

   **b.**      **Plaintiff's Fourteenth Amendment Substantive Due Process Claim Fails**

As for Plaintiff's federal claim under the Fourteenth Amendment, the Fourteenth Amendment does not provide substantive due process protection to Plaintiff in this matter. "Non-legislative, or executive, deprivations of state-created rights, which would include land-use rights, cannot support a substantive due process claim, not even if the plaintiff alleges that the government acted arbitrarily and irrationally." *Lewis v. Brown*, 409 F.3d 1271, 1273 (11th Cir. 2005) (citations omitted). And "[e]xecutive acts characteristically apply to a limited numbers of persons (and often to only one person)." *Id.*

Here, the Defendants' alleged "decision" to not approve Plaintiff's special exemption application was an executive act, as it was an act that applied to only Plaintiff. *See id*. (finding the "decision to deny the [plaintiff's] application to re-zone their property . . . is a textbook 'executive act.'"). Defendants' executive act allegedly deprived Plaintiff of state-created, land-use rights, and such rights are not protected by the Fourteenth Amendment. *Id*. Therefore, Plaintiff cannot claim a violation of the Fourteenth Amendment, as the Amendment does not protect Plaintiff's state-created rights allegedly deprived by Defendants' executive act.

Therefore, because Defendants' action was an executive act and allegedly deprived Plaintiff state-created rights, and such rights are not protected by the Fourteenth Amendment, Plaintiff's claim of a violation of its right to substantive due process of law under the Fourteenth Amendment fails and should be dismissed.

c. **Plaintiff's Count II for a Writ of Mandamus Should Be Dismissed Because of the Availability of a Writ of Certiorari**

Under Georgia law, a writ of mandamus is not available when an adequate remedy at law exists.  In this case, that remedy is a writ of certiorari, which is available, and Plaintiff has asserted it. The Supreme Court of Georgia held that when seeking review of a decision regarding a zoning variance, because such a decision is quasi-judicial, review can only be made by petition for certiorari in the superior court. *City of Cumming v. Flowers*, 300 Ga. 820, 834, 797 S.E.2d 846, 857 (2017); *see City of Rincon v. Ernest Cmtys., LLC*, 356 Ga. App. 84, 93, 846 S.E.2d 250, 258 (2020) (confirming petitioner "required to challenge the denial of its application by writ of certiorari"). And when "certiorari [is] available, mandamus [is] not." *City of Cumming v. Flowers*, 300 Ga. 820, 834, 797 S.E.2d 846, 857 (2017); *see City of Statesboro v. Dickens*, 293 Ga. 540, 542, 748 S.E.2d 397, 400 (2013) ("Indeed, if there be a specific remedy by certiorari, the right of mandamus will not lie.").

Therefore, the Court should dismiss Count II seeking a writ of mandamus.

      d.        **_Riverdale_ Decision Mandates Dismissal of Counts II Through IV**

In *Riverdale Land Grp., LLC v. Clayton Cty.*, 354 Ga. App. 1, 840 S.E.2d 132 (2020), the Court of Appeals of Georgia, in citing to *Flowers*, required appeal via certiorari of a local government's decision to deny a conditional use permit. The Court then affirmed the trial court's dismissal of mandamus and constitutional claims brought by the landowner. *Riverdale Land Grp., LLC v. Clayton Cty.*, 354 Ga. App. 1, 10, 840 S.E.2d 132, 138 (2020). The Court held that "because [plaintiff] did not apply for certiorari review in the superior court, it waived its constitutional challenges." *Id.*, 354 Ga. App. at 9, 840 S.E.2d at 138.

Here, as is established, Plaintiff is required to file an appeal of the Defendants' decision via writ of certiorari. The writ of certiorari provides the only available means of review for quasi-judicial decisions. *Id.*; *see Mack II v. City of Atlanta*, 227 Ga. App. 305, 307, 489 S.E.2d 357 (1997). As a writ of certiorari is the only means of review for quasi-judicial decisions, Plaintiff can only bring constitutional violations within the writ of certiorari—Plaintiff cannot yet bring a complaint alleging constitutional claims. It is only after the certiorari procedure have been followed, that a complaint can be filed alleging constitutional claims. *See generally Riverdale*, 354 Ga. App. at 9, 840 S.E.2d at 138 (2020). Therefore, Plaintiff's Count II, a writ of mandamus, and Count's III and IV, bringing state constitutional claims, should be dismissed because certiorari is the only available remedy for Plaintiff, and any state constitutional violation can only be brought within the writ of certiorari.

e.   <u>**No Unconstitutional Taking Under State Law Has Occurred and Plaintiff's Count III Should be Dismissed**</u>

Even if the Court does not dismiss Plaintiff's state constitutional claims on the basis of certiorari being the only available remedy, the following reasons also warrant dismissal of Plaintiff's state constitutional claims.

In Count III, Plaintiff claims an unconstitutional taking has occurred due to the rejection of its proposed zoning for its property.  Specifically, Plaintiff claims the Defendants' "denial of the Petitioner's Special Exception Application deprives Petitioner of constitutionally guaranteed property rights without just and adequate compensation and constitutes a violation of the rights and privileges secured by Article I, Section III, Paragraph I of the 1983 Constitution of the State of Georgia." (Doc. 1-2, ¶ 58.) When a governmental entity exercises its power related to zoning—such power being police power—and the use results in a limit on the use of real property, a taking under the Georgia Constitution does not occur. *See Diversified Holdings, LLP v. City of Suwanee*, 302 Ga. 597, 611, 807 S.E.2d 876, 888.

The Supreme Court of Georgia held that "[w]hen the property owner's right to the unfettered use of his property confronts the police power under which zoning is effected, due process guarantees act as a check against the arbitrary and capricious use of that police power." *Id.*, 302 Ga. at 611, 807 S.E.2d at 888. In *Diversified Holdings*, the Supreme Court delved into why a government's zoning decision is not best analyzed as a taking, but rather, should be analyzed under due process. *Id.*, 302 Ga. at 605–11, 807 S.E.2d at 884–88. The Supreme Court noted that historically, claims of inverse condemnation, or a taking, amounted to government entity taking "some affirmative action for public purposes causing a nuisance or trespass that, in turn, resulted in the diminished utility and functionality of a private owner's land. . . . [And], for an alleged regulatory taking, inverse condemnation will apply when the owner was completely deprived of

the use of the property." *Id.*, 302 Ga. at 608, 807 S.E.2d at 886 (2017). Importantly, the Supreme Court stated: "Zoning, in short, does not ordinarily present the kind of affirmative public use at the expense of the property owner that effects a taking, and we have previously recognized as much." *Id.*, 302 Ga. at 610, 807 S.E.2d at 888 (2017).

Here, Plaintiff claims that Defendants' zoning decision to not approve its application for special exception resulted in "the impairment of its property rights and privileges." (Doc 1-2, ¶ 56.) Because Plaintiff alleges that there was only an impairment of its use of the subject property—the right of unfettered use—due to Defendants' use of their zoning power, or police power, in not approving its application for special exception, due process guarantees act as a check against the use of such police power. A claim alleging an unconstitutional taking is not the proper claim to under these circumstances. *See Diversified Holdings*, 302 Ga. at 611, 807 S.E.2d at 888.

Therefore, the Court should dismiss Plaintiff's Count III for an unconstitutional taking under the Georgia Constitution.

### f.    Plaintiff's Claim for Attorney's Fees in Count VI Should be Dismissed

Plaintiff's Count VI seeks attorneys' fees and costs under O.C.G.A. § 13-6-11 and under the ADA, FHA, and RA.

Regarding attorney's fees under O.C.G.A. § 13-6-11, as demonstrated above, the Court should dismiss all the state claims in this action other than Count I, certiorari, and without derivate claims, attorneys' fees under state law cannot be awarded. Additionally, attorneys' fees under state law are not appropriate in certiorari claims.

A claim for attorneys' fees under O.C.G.A. § 13-6-11 is a derivative claim which fails if the underlying claims on which it is based fail. *See Freeman v. Wheele*r, 277 Ga. App. 753, 757, 627 S.E.2d 86 (2006) ("attorney fees and expenses of litigation under O.C.G.A. § 13 6 11 . . . are

ancillary and recoverable only where other elements of damage are recoverable on the underlying claim."). Because all the claims on which an attorneys' fees claim can be based fail as demonstrated herein, Count VI also should be dismissed.

The remaining presence of Count I in the case does not affect the dismissal of Count VI. In *Kammerer Real Estate Holdings, LLC v. Forsyth County Bd. of Commissioners*, 302 Ga. 284, 287, 806 S.E.2d 561 (2017) the Georgia Supreme Court stated that it was "understandable" for defendants therein to urge that a claim for attorneys' fees under O.C.G.A. § 13-6-11 cannot be brought as a claim derivative of a claim only for judicial review by writ of certiorari.  However, because the Court in *Kammerer* reinstated claims for declaratory and mandamus relief, it did not decide the issue because the parties had not briefed whether attorneys' fees were available under the statute in connection with declaratory and mandamus relief. *Kammerer*, 302 Ga. at 287–88. Instead, it affirmed the trial court's denial of the motion to dismiss the claim for attorneys' fees "at least for now" and remanded the case to the trial court for further determinations. Following *Kammerer*, it follows that the Georgia Supreme Court would agree that a claim under O.C.G.A. § 13-6-11 cannot be derivative of a certiorari appeal under O.C.G.A. § 5-4-1 et seq., and it appears possible that such an attorney's fees claim cannot be derivative of declaratory or mandamus relief either.

Regarding Plaintiff's claim for attorney's fees under federal law—the ADA, FHA, and RA—because the federal law claims are duplicative of the federal law claims in the First Federal Lawsuit, such federal law claims should be dismissed, and therefore, the claim of attorney's fees based on the federal claims should also be dismissed.

Therefore, it is not proper for Plaintiff to seek attorney's fees under either state or federal law, and the Court should dismiss Count VI.

## IV.     <u>CONCLUSION</u>

For all the above reasons, Defendants respectfully requests the Court grant their Motion to Dismiss and dismiss the matter in its entirety due to this present lawsuit being duplicative of the First Federal Lawsuit, and the Court may remand any remaining state law claims, if the case is not dismissed in its entirety.

This 10th day of February, 2021.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Dana K. Maine*
Dana K. Maine
Georgia Bar No. 466580
dmaine@fmglaw.com
Jacob W. Loken
Georgia Bar No. 200193
jloken@fmglaw.com

*Attorneys for Defendants*

100 Galleria Parkway, Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically submitted the foregoing

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** to

the Clerk of Court using the CM/ECF system which will automatically send electronic mail

notification of such filing to counsel of record who are CM/ECF system participants:

Christopher A. Cosper
HULL BARRETT, P.C.
801 Broad Street, Suite 700
Augusta, Georgia 30901

This 10th day of February, 2021.

*/s/ Dana K. Maine*
Dana K. Maine
Georgia Bar No. 466580
dmaine@fmglaw.com

*Attorney for Defendants*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
17683421