IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

THE HALE FOUNDATION, INC.,     *
                              *
     Plaintiff,              *
                              *
        v.                *      CV 121-018
                              *
AUGUSTA-RICHMOND COUNTY,     *
GEORGIA, et al.,           *
                              *
     Defendants.            *

---

**O R D E R**

---

Presently pending before the Court are Plaintiff's motion for hearing (Doc. 5) and Defendants' motion to dismiss (Doc. 6).  For the following reasons, this case is remanded to the Superior Court of Richmond County, Georgia.

## I.   BACKGROUND AND PROCEDURAL POSTURE

This case arises from Plaintiff's dissatisfaction with the Augusta-Richmond County Planning Commission's ("Planning Commission") denial of its request for a special exception.  This exposition of the factual and procedural background relevant to the question of remand is an abbreviated one given the extensive record before the Planning Commission and Superior Court of Richmond County.

Plaintiff is a non-profit corporation that sought to establish an in-patient substance abuse treatment center for first responders on a property located at 3042 Eagle Drive in Augusta, Georgia (the "Property"). (Am. Compl., Doc. 1-2, ¶ 1.) Plaintiff now owns the Property, which was formerly used as a convent by the Order of St. Helena. (Id. ¶¶ 7, 23.) While in use as a convent, the Property was rezoned to Single-Family Residential, R-1 subject to a special exception for the existing use by the Order of St. Helena. (Id. ¶ 23.) Plaintiff, seeking to establish its treatment facility, unsuccessfully applied to the Planning Commission for a special exception on June 29, 2018. (Id. ¶ 25.) Plaintiff filed a second application on November 27, 2019. (Id. ¶ 26.) That second application is the source of this case.

At an August 3, 2020 hearing, neighbors of Plaintiff's proposed facility voiced their opposition to the special exception. (Id. ¶ 28.) The neighbors were allegedly concerned that the medical conditions of the facility's patients would lead to an increase in crime and decrease in property value in the neighborhood. (Id.) The Planning Commission voted on the application, voting 5-4-1 in favor of approval, but six votes were necessary to carry the vote. (Id. ¶ 30.) Plaintiff alleges that the Planning Commission's failure to approve the application was based on the discriminatory concerns the neighbors had voiced at the hearing, and thus the decision was "arbitrary, capricious,

2

discriminatory, an abuse of discretion, and not supported by any evidence." (See id. ¶¶ 32-33, 41.)

On September 12, 2020, Plaintiff filed in the Superior Court of Richmond County, Georgia, a document titled Appeal and Petition for Writ of Certiorari, and Verified Complaint. (Compl., Doc. 1-1.) It amended the Petition and Complaint on January 22, 2021. The Petition states that it "is brought as a petition for writ of certiorari pursuant to O.C.G.A. § 5-4-3, *et seq.*" (Am. Compl., ¶ 2.) It also alleges violations of the Fifth and Fourteenth Amendments of the United States Constitution, as well as violations of the Fair Housing Act, Americans with Disabilities Act, and the Rehabilitation Act. (Id. ¶¶ 59-60, 74.) A hearing on the petition was scheduled in the Superior Court for February 4, 2021, but Defendants removed to this Court on February 3, 2021 on the basis of federal question jurisdiction. (Pl.'s Mot. Hr'g, Doc. 5, ¶¶ 9-10; Notice of Removal, Doc. 1.) In this Court, Plaintiff filed a motion for hearing (Doc. 5), and Defendants filed a motion to dismiss (Doc. 6). None of the Parties have addressed the issue of whether a District Court has jurisdiction to consider a petition for writ of certiorari brought pursuant to O.C.G.A. § 5-4-3.

Plaintiff had also filed a separate complaint in this Court on October 7, 2020. (See Case No. 1:20-cv-144.) That suit alleged the same federal violations as in the instant case, namely,

3

violations of the Fair Housing Act, Americans with Disabilities Act, Rehabilitation Act, and violations of the Fifth and Fourteenth Amendments. (<u>See</u> <u>id.</u> at Doc. 1.) Plaintiff voluntarily dismissed its October 7th complaint on February 23, 2021. (<u>See</u> <u>id.</u> at Docs. 16-17.)

## II.  DISCUSSION

In Georgia, O.C.G.A. § 5-4-3 is the mechanism by which a party before any "inferior judicatory" – like a planning commission exercising a quasi-judicial power[1] – dissatisfied with that body's decision may petition a Superior Court for review of the decision. <u>See</u> <u>also</u> O.C.G.A. § 5-4-1. For the following reasons, the Court finds that it lacks subject matter jurisdiction over a petition for writ of certiorari brought pursuant to this Chapter of the Georgia Code.

The case closest in procedural posture and factual basis to this one is <u>Lockette v. City of Albany</u>, No. 1:05 CV 39(HL), 2005 WL 1926578 (M.D. Ga. Aug. 11, 2005). There, a city employee petitioned a Superior Court to set aside her employer's reprimand. <u>Id.</u> at *2. The petition contained allegations of how the reprimand

---

[1] Certiorari is not appropriate when an inferior judicatory is exercising legislative, executive, or ministerial functions; it is only appropriate to review judicial or quasi-judicial acts. <u>City of Cumming v. Flowers</u>, 797 S.E.2d 846, 850 (Ga. 2017) (quoting <u>Presnell v. McCollum</u>, 145 S.E.2d 770,770 (Ga Ct. App. 1965)).

4

violated rights protected by 42 U.S.C. § 1983, both as part of the petition, and styled as a separate cause of action brought under Section 1983.[2]  Id.  The defendants removed to the district court, alleging federal question jurisdiction based on the Section 1983 claims in the petition.  Id. at *3.  Considering a motion to remand, the Middle District of Georgia concluded that it lacked jurisdiction over the petition because it did not present a federal question "on the face" of the petition.  Id. at *3-4 (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)).

In so concluding, the Middle District examined the petition itself and Georgia case law. With respect to the petition, despite attempting to state a separate cause of action under Section 1983, the court interpreted the petition as "merely requiring the reviewing court to interpret § 1983" when determining whether the city-defendant committed error in handling the plaintiff's case. Id. at *3.  The Middle District also found that Georgia case law suggested other causes of action may not be raised within a petition for certiorari.  Id. at *4.  It cited to City of Atlanta v. Jackson, 435 S.E.2d 212 (Ga. 1993), in which the Supreme Court of Georgia held that "where the writ of certiorari provided an adequate legal remedy for review of a county board's authority, the petitioner on the writ could not also seek equitable relief."

_____

[2] The Petition in this case is similarly structured with respect to its allegations of violation of federal law.

5

Lockette, 2005 WL 1926578, at *4.  The Middle District concluded

by finding that the federal claims raised in the petition were not

substantial, and that

> the cause of action is a uniquely state remedy for writ
> of certiorari to the superior court, resolution of which
> could turn on a conclusion that the conduct in question
> was in violation of federal law.  However, the fact that
> the superior court may look to federal law to determine
> whether to grant the relief sought by [plaintiff] does
> not confer subject matter jurisdiction on this court.

Id.

While Lockette appears to be the only case explicitly

considering jurisdiction and remand, the Northern District of

Georgia has also questioned whether a federal court may properly

consider a Georgia petition for writ of certiorari.  See Cheshire

Bridge Holdings, LLC v. City of Atlanta, NO. 1:15-CV-3148-TWT,

2018 WL 279288, at *7 n.68 (N.D. Ga. Jan. 3, 2018) rev'd in part

on other grounds by Cheshire Bridge Holdings, LLC v. City of

Atlanta, 777 F. App'x 310 (11th Cir. 2019).  The court there did

not definitively reach the issue because of the plaintiffs' failure

to follow the procedures set out in O.C.G.A. § 5-4-1 et seq.  Id.

at *7.  The Northern District nonetheless apparently shared similar

concerns to this Court, noting

> [t]here also seems to be an open question about whether
> this Court can even issue such a writ to a state organ
> like the Board of Zoning Appeals in the exercise of
> supplemental jurisdiction.  Writs of certiorari are
> generally issued to inferior courts to facilitate
> review; indeed, that is what Georgia law seems to
> authorize them for.  Of course, this Court is not

> superior to state courts, but is rather a parallel
> institution. In this way, writs of certiorari, as they
> are authorized by Georgia law, seem to be of a different
> species than run of the mill state claims that could
> normally be heard by this Court.

Id. at *7 n.68.

The Court agrees with the Middle District's conclusion in Lockette and finds that the instant petition is a uniquely state remedy properly resolved in Georgia's courts. That conclusion is supported by the Northern District's evaluation of the remedy in Cheshire Bridge. An alleged violation of federal law undergirding a petition for writ of certiorari does not necessarily establish federal question jurisdiction.[3] The Court lacks original jurisdiction over the federal claims and supplemental jurisdiction over the petition. Therefore, the cause is remanded to the Superior Court of Richmond County.

---

[3] One may point out the distinction between the Section 1983 allegations in Lockette and the federal statutory claims here to argue that the "face" of this petition presents a federal question. But it appears that claims other than for certiorari are improperly raised in such a petition. See Lockette, 2005 WL 1926578 at *4 ("Furthermore, Georgia case law suggests that a writ of certiorari is not a proper means by which to raise other causes of action.") (citing Jackson, 435 S.E.2d at 214; Wilson v. Latham, 181 S.E.2d 830, 833 (Ga. 1971)); see also Riverdale Land Grp., LLC v. Clayton Cnty., 840 S.E.2d 132, 136 (Ga. Ct. App. 2020). This makes sense given that the writ of certiorari is essentially an appeal mechanism, where raising new claims is generally improper. Plaintiff would also be free to initiate a separate federal suit alleging the statutory violations, and in fact did so.

### III. CONCLUSION

Upon the foregoing, **IT IS HEREBY ORDERED** that this case is **REMANDED** to the Superior Court of Richmond County.  The Clerk is directed to close this case and terminate all outstanding motions and deadlines.

**ORDER ENTERED** at Augusta, Georgia this _19th_ day of April, 2021.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA